This suit relates to two blocks of shares in defendant building and loan association, which stood in the name of the Rev. Antonio Falzone, now deceased. As to one block, the question involved is as to whether there was an effective gift inter vivos to defendant Mary Galmiche Luscardi, and as to the other, as to whether there was a valid gift, causa mortis to *Page 299 
defendant Frances Galmiche. The suit is brought by the executor of Father Falzone and joins the two donees and the building and loan association as defendants.
The testimony as to the gift to Mrs. Luscardi shows to my satisfaction that Father Falzone, more than a year or so before his death, stated to the secretary of the building and loan association that he wished to transfer fifty-five full paid shares in the association standing in his name to the joint names of himself and Mrs. Luscardi, so that upon the death of either, his share should pass to the other. In accordance with the statement made to him by the secretary, Father Falzone presented the certificates, together with a letter requesting the association to transfer the shares to "Rev. Anthony Falzone or Mary Galmiche Luscardi." The secretary made the transfer on the books of the company and wrote upon the original certificates following the name of Father Falzone, the words "or Mary Galmiche Luscardi." The certificates so altered were delivered to Mrs. Luscardi and have remained in her possession ever since.
In my opinion, this completed the gift so that the shares became the joint property of the two, with the right of sole ownership in the survivor. By statute laws of 1925, chapter 65, section 51 and by the by-laws of the association, this right of survivorship is expressly given.
Complainant contends that there was no effective transfer of the shares because of the fact that the holder did not endorse them for transfer, nor did he execute a formal and complete power of attorney for such transfer as provided in the Uniform Stock Transfer act. I do not consider this contention sound for the following reasons: Certainly on the evidence, Father Falzone intended to make a transfer and he executed the document requested of him by the building and loan association. Following this the association made the transfer on its books and also inserted on the certificates themselves the name of the joint owner. In effect this was exactly the same as though the building and loan association had canceled the original physical certificates and had issued new certificates in the joint names. The issuance of the certificates with the alteration and delivery to Mrs. Luscardi *Page 300 
constituted a new contract or agreement between her and the building and loan association. Complainant's contention is an effort to nullify on a technicality only the clear intention of the original holder which certainly was considered by them to be a completed transaction in exact accordance with the instructions of the building and loan association.
Mrs. Luscardi is entitled to the complete ownership of these shares and the bill of complaint will be dismissed as far as she is concerned.
The alleged gift to Frances Galmiche, as a donatio causamortis, is in a different category and in my opinion did not become effective so as to vest the right to the shares in her.
It is well settled that such a gift must meet certain requirements. It must be made an expectation of death then imminent and upon the essential condition that the property shall belong fully to the donee in case the donor dies as anticipated, leaving the donee surviving him. There must be a delivery of the thing given and the delivery must be such as is actual, unequivocal and complete during the lifetime of the donor, wholly divesting him of the possession, dominion and control thereof.Weiss v. Fenwick, 111 N.J. Eq. 385, and cases therein cited.
These circumstances have not been satisfied in the present suit. The testimony is that Father Falzone shortly before his death and while in the hospital, delivered an assignment of a block of shares of the building and loan association to one Ciampo with instructions that if, or in the event that anything happened to him, the assignment was to be delivered to Mrs. Galmiche. There was, therefore, no unequivocal parting of dominion over the shares such as is necessary to constitute a gift causa mortis. To come within the requirements, the language used by the donor should have been "when I die," or their equivalent, instead of the words actually used by him. I accordingly find that this attempted gift was not effective and the complainant will take a decree against this defendant.
The building and loan association, which is in the position of a stakeholder, submits to the court a memorandum in which it asks that the decree to be entered herein shall not in *Page 301 
any event require immediate payment on account of the shares and calls attention to the restrictions upon payments or withdrawals from building and loan associations as set forth in chapter 48 of the laws of 1933 and the general orders of the commissioner of banking and insurance issued thereunder.
A decree will be advised in accordance with the foregoing, including a provision as prayed for by the building and loan association.